IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL THOMAS, et al. | : | |
| | : | |
| Plaintiffs | : | Civil Action No 2:14-cv-01236 |
| | : | |
| vs | : | JUDGE PETER C. ECONOMOUS |
| | : | MAGISTRATE JUDGE KEMP |
| NATIONWIDE CHILDREN'S HOSPITAL, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**PROTECTIVE ORDER**

The parties to the above-styled action (the "Litigation") will engage in discovery that may involve requests for disclosure of information considered by one or more parties to be non-public confidential or proprietary business information and/or confidential personal or medical information of a party to this Litigation or a third party.

To facilitate the disclosure of documents and information during the discovery phase and trial of this matter only, the parties, through their respective attorneys of record, have jointly moved the Court to enter an Agreed Protective Order ("Protective Order") to protect the confidentiality of information that may be produced or disclosed during discovery.  The Court has considered the agreed motion for entry of this Protective Order and finds that good cause exists for entry of this Protective Order.  **IT IS THEREFORE ORDERED** that all persons producing or receiving Protected Information in this Litigation shall be bound by the terms of this Protective Order.  **IT IS FURTHER ORDERED** that the Protected Information produced in this Litigation shall be subject to the following terms, conditions, and protections:

**I.      Scope**

This Protective Order shall apply to and govern any and all Protected Information produced or exchanged by, between or among any Party or any third party in the Litigation ("Discovery Materials").

**II.     Definitions**

A.      "Protected Information" shall mean any materials, documents, things or information in any form, including without limitation written discovery, testimony, interrogatories, demonstrative aids, training materials, employment files, salary information, written or otherwise documented policies, protocols and procedures, and any other material deemed by a Party to contain Confidential Information.

B.      "Party" shall mean Plaintiffs, Daniel Thomas, Anna Thomas, Chad Burley, Lori Burley, Jessica Rose, and Russell Moore, individually, and on behalf of their minor children referenced in the complaint (collectively, "Plaintiffs"); Defendants Nationwide Children's Hospital ("NCH"), the Center for Family Safety and Healing, the Center for Child and Family Advocacy at Nationwide Children's Hospital, Dr. Farah Wadia Brink, M.D., Dr. Jonathan Thackeray, M.D., and Dr. Corey J. Rood, M.D. (collectively, the "NCH Defendants"), and Defendant, Franklin County Children Services, including their respective affiliates; and any other non-party, person or entity that may later become a Party, and also any person or entity who signs and files a stipulation agreeing to be bound by this Protective Order.

C.      "Furnishing Party" shall mean a Party or any third party on behalf of which/whom Protected Information is furnished or produced during the course of the Litigation.

D.      "Non-Furnishing Party" shall mean a Furnishing Party whose confidential Protected Information is produced by another Party.

E. "Receiving Party" shall mean a Party to which/whom Protected Information is furnished or produced.

F. "Confidential Information" shall mean information the Furnishing Party determines in good faith contains any non-public, confidential, proprietary or business information, including but not limited to confidential training materials, employment files, salary information, written or otherwise documented policies, protocols and procedures, notes, minutes and records of nonpublic meetings, and confidential personal or medical information of any Party or third party, that is designated as such pursuant to Section IV hereof

G. "Counsel" shall mean any attorneys who assist the Plaintiffs, Defendant Franklin County Children Services, or the NCH Defendants in the Litigation, including attorneys who are employed by, are partners of, or are of counsel to the NCH Defendants or outside law firms selected by the NCH Defendants, as well as secretarial, clerical and paralegal personnel assisting such counsel.

H. "Independent Expert(s)" shall mean any person not currently employed by a Party who is retained or sought to be retained by or on behalf of a Party to provide advice or assistance with respect to scientific, technological, damages or other issues presented in the Litigation. "Independent Expert(s)" shall not include any officers, employees, or regular, full-time consultants of any Party or its affiliates.

**III.    Limitations in Scope of this Protective Order**

Any material, document, thing or information not designated as "Confidential Information" shall not be subject to this Protective Order; provided, however, that the inadvertent failure to designate any Protected Information as "Confidential Information" shall not in and of itself be deemed a waiver of any Party's claim of confidentiality as to such matter.

**IV.** **Designation of Protected Information**

A. Protected Information produced or furnished during the course of the Litigation may be designated by a Party exercising good faith as containing Confidential Information, prior to producing or furnishing the documents or things, by placing on each page and each thing to which the designation applies a legend substantially similar to the following:

CONFIDENTIAL

Documents produced in native electronic format may be designated by a Party exercising good faith as containing Confidential Information, prior to producing or furnishing the electronic document or file, by placing onto each file name to which the designation applies a legend substantially as follows: "CONF" or otherwise designating the document as Confidential Information in the data load file corresponding to the document.

B. In the event any Protected Information containing Confidential Information is produced in native electronic format and a Party subsequently prints the Protected Information, it shall be the responsibility of the Party who prints the Protected Information to affix the appropriate legend to the printed document or file.

C. In the event that, prior to the entry of this Protective Order, a Party or any non-party has produced Protected Information, which has subsequently been designated by any Party as containing Confidential Information, the Parties in possession of such Protected Information shall affix the appropriate legend to the Protected Information.

D. If a party wishes to file Confidential Information with the Court, the party shall obtain leave of Court and file the Confidential Information under seal in accordance with S.D. Ohio Civ. R. 79.3. No Protected Information containing Confidential Information shall be filed with this Court unless it is filed under seal in accordance with the Local Civil Rules issued by the United States District Court for the Southern District of Ohio. In the event a non-party seeks

access to Protected Information that has been filed under seal, the non-party must petition the Court, with notice to all Parties, for modification of this Protective Order.  A party seeking to keep information filed with the Court under seal bears the burden of proving that the material must remain sealed.

   E. In the event that a motion, brief, or other paper to be filed or served by or on behalf of a Party contains Confidential Information of another Party or a third party, Counsel for the filing Party shall mark the caption page of the motion, brief, or other paper containing such information with the appropriate legend as set forth in paragraph (A) of this Section, and if the brief, memorandum or other paper is filed with the Court, it shall be filed under seal as set forth in paragraph (D) of this Section, and a redacted version of the motion, brief, or other paper filed publically with all references to the Confidential Information redacted or otherwise removed.  A party seeking to keep information filed with the Court under seal bears the burden of proving that the material must remain sealed. Deposition testimony shall be treated as containing Confidential Information for a period of fourteen (14) days after receipt of the deposition transcript to permit the Furnishing Party or Non-Furnishing Party to review the transcript and designate Protected Information disclosed therein as Confidential Information.  A Furnishing Party or Non-Furnishing Party may designate Protected Information disclosed at a deposition as Confidential Information:  (i) during the deposition, by requesting that the reporter place the appropriate legend as set forth in paragraph (A) of this Section on the first page and all subsequent pages of the transcript containing Confidential Information, or (ii) within fourteen (14) days after receipt of the transcript, by sending a written list of the particular pages of the transcript that contain such Protected Information along with a copy of the transcript pages stamped with the legend set

forth in paragraph (A) of this Section to Counsel for all Receiving Parties, and requesting that the stamped pages be substituted in each copy of the transcript.

F. When a Party (the "Originating Party") has previously furnished Protected Information to a third party from whom discovery is sought, the Originating Party may notify the Receiving Party that such third party production may contain Confidential Information, in which event all information produced by the third party shall be treated as Confidential Information for a period of fourteen (14) days after receipt of a copy of that information by the Receiving Party, during which time the Originating Party may review the third party production and designate Protected Information disclosed therein as Confidential Information. Nothing in this paragraph shall affect a third party's right to designate its own information as Confidential Information subject to the terms of this Protective Order and, to the extent that any third party seeks to produce Protected Information subject to the terms of this Protective Order, the parties agree to treat information designated by the third party as Confidential Information in accordance with the terms of this Protective Order.

G. All material, documents, things or information produced during this Litigation shall be treated as Confidential Information for a period of fourteen (14) days from the date of production, during which time a Non-Furnishing Party may review the production and designate Protected Information disclosed therein as Confidential Information. The Furnishing Party will be treated as a "Receiving Party" hereunder with respect to any Protected Information designated by a Non-Furnishing Party as Confidential Information.

H. Protected Information designated by the Furnishing Party or Non-Furnishing Party as Confidential Information shall be treated as such unless and until the designation is removed or changed in writing by the party who designated the information or materials as

containing Confidential Information, or by order of the Court, pursuant to Section VII of this Protective Order.

V.  **Disclosure, Use and Handling of Confidential Information**

A.  Confidential Information shall be used solely for the purpose of conducting the Litigation, and for no other purpose whatsoever now or at any time in the future. Copying of Confidential Information in connection with administering the Litigation shall be kept to a closely controlled absolute minimum.

B.  Except as provided under paragraphs (C) and (D) of this Section, Confidential Information may be disclosed to Counsel for the Receiving Party and may be disclosed by Counsel only to: (i) persons who have prepared or assisted in the preparation or delivery of documents containing the Confidential Information at issue, or to whom the documents or copies thereof were addressed or delivered; (ii) employees of the Receiving Party; (iii) Independent Experts of the Receiving Party, after the Independent Expert executes the undertaking attached hereto as Exhibit A; (iv) the Court and members of the staff of the Court; (v) qualified court reporters taking testimony in the Litigation, and necessary stenographic and clerical personnel thereof; (vi) deponents employed by with any Party; and (vii) outside contractors hired to advise or assist with respect to the translation, copying, indexing, storage, retrieval or management of documents, or with respect to trial graphics, or jury consulting, provided that such individuals have first been provided with a copy of and agreed in writing to be bound by this Protective Order.

C.  Confidential Information and any copies thereof may, in the exercise of sound judgment, be disclosed to a deponent not employed by any Party, after the deponent executes the undertaking attached hereto as Exhibit A, during the course of their interview and/or preparation for and the taking of his or her deposition. For purposes of Confidential Information only,

"deponent" includes persons reasonably expected by Counsel to be asked or compelled to give a deposition or expected to testify at trial in the Litigation.  Prior to the disclosure of any Confidential Information to a deponent, the attorney making the disclosure shall advise the deponent of the disclosure limitations attached to the Protected Information contained therein and that, pursuant to this Protective Order, such deponent may not divulge any such Protected Information contained therein to any other person, firm, or corporation.  The deponent shall not be permitted to retain any Confidential Information, or any copies thereof, unless the deponent is otherwise authorized under this Section to receive such Protected Information.  The deponent shall be permitted to review Confidential Information only in the presence of Counsel, unless the deponent is otherwise authorized under this Section to receive such Protected Information.

D. Confidential Information may only be disclosed by the Receiving Party to persons not included in paragraph (B) or (C) of this Section pursuant to a Court Order or a stipulation by the Furnishing Party or Non-Furnishing Party in writing or on the record in a deposition, hearing or trial in the Litigation, provided, however, that such disclosure shall execute the Undertaking attached hereto as Exhibit A and be subject to the conditions and obligations of this Protective Order.

E. All documents and copies of documents made, drafted or prepared by or on behalf of a Receiving Party, including, without limitation, attorney notes or abstracts, that contain Confidential Information shall be handled as if they were designated pursuant to Section IV hereof.

**VI.** **Inadvertent Failure to Designate, Inadvertent Disclosure of Confidential Information, and Inadvertent Disclosure of Privileged Information: Claw Back**

A. The inadvertent failure of a Furnishing Party or Non-Furnishing Party to designate material as Confidential Information shall not constitute a waiver of the terms and

conditions of this Protective Order as to such Confidential Information.  In the event that a Furnishing Party or Non-Furnishing Party discovers that Confidential Information has been inadvertently produced without being marked with the appropriate designation ("Inadvertently Produced Material"), the Furnishing Party or Non-Furnishing Party may provide written notice to the Receiving Party that the Inadvertently Produced Material shall be "Confidential Information," along with appropriately labeled copies of the material in question, immediately upon learning of the inadvertent production.  In such circumstances, the Receiving Party shall, within ten (10) days of receiving such notice, (i) return or destroy all copies of the Inadvertently Produced Material and (ii) replace all copies (and all pages thereof) of such Inadvertently Produced Material with the appropriate substitute pages.

     B.    The Parties agree to the following terms governing "Privileged Material," as that term is defined herein.  "Privileged Material" includes any materials, documents, papers, communications, information, notes, and all other items or materials related to this action that the Producing Party in good faith believes are protected by the attorney-client privilege, work-product privilege, or any other privilege under the law or applicable rules.  The Parties agree that the inadvertent disclosure of Privileged Material does not constitute a waiver of any privilege, including the attorney-client privilege, the work-product privilege, or any other privilege.  The Parties further agree that the inadvertent production of Privileged Material will in no way prejudice any other party to this action, and that the inadvertent production of Privileged Material will in no way be construed as a waiver of a claim for privilege of any other materials of the same or similar subject matter.

     C.    If a Party makes a claim that disclosed materials or information of any kind, in whatever form, constitutes Privileged Material, then the Receiving Party: (1) must promptly

return, sequester, or destroy the specified information, any copies it has of the information, and any analysis or notes that were created based upon the information within ten (10) business days, regardless of whether the Receiving Party disputes the claim of privilege; (2) must not disclose the information until the privilege claim is resolved, if the claim is disputed; (3) must take reasonable steps to retrieve the information if the receiving Party shared the information before being notified of the privilege claim; and (4) may promptly present the information to the Court under seal for a determination of the privilege claim.

   D. In the event the Receiving Party discovers that it has received attorney-client privilege or work-product privilege documents, materials, or other Privileged Material, upon discovery the Receiving Party shall cease review of the same and bring that fact to the attention of the Producing Party.

**VII.** **Challenge to Designations**

   A. A Receiving Party or a non-party may challenge a Furnishing Party's or Non-Furnishing Party's designation of Confidential Information at any time. Failure of a Party to challenge a claim of confidentiality of any material, document, thing or information shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

   B. A Receiving Party or a non-party disagreeing with the designation of any information as Confidential Information, and desiring to disclose or permit disclosure of such information to persons not authorized under Section V hereof to receive such information, may request in writing that the Furnishing Party or Non-Furnishing Party change the designation. Upon receipt of such a request, the Parties shall make a good faith attempt to resolve the disagreement informally.

  C. If the dispute is not informally resolved within ten (10) days of receipt of the Receiving Party's or non-party's written request, either Party may move the Court for a ruling with respect to the Protected Information designation.  If such a motion is filed, the material, document, thing or information shall be kept confidential pending ruling on the motion.  This Protective Order does not alter the burden imposed by law on any Party seeking to uphold any limitation on the production or dissemination of materials.

**VIII. Enforcement**

  Each individual who receives any Confidential Information pursuant to this Protective Order shall be subject to the jurisdiction of the United States District Court for the Southern District of Ohio in any action relating to the performance under, compliance with, or violation of this Protective Order.

**IX. Modification**

  A. Nothing herein shall restrict the power of the Court to modify this Protective Order or any term hereof for good cause shown.

  B. Nothing herein shall preclude a Party from moving the Court to modify the terms of this Protective Order or the status of any particular material, document, thing or information.

**X. Conclusion of Litigation**

  A. Except as provided in paragraph (B) below, each Party or other person subject to the terms of this Protective Order shall, at the conclusion of the Litigation (including all appeals), locate and destroy or return to the Furnishing Party or Non-Furnishing Party within a reasonable time, not to exceed 30 days, all Protected Information designated as containing Confidential Information.  Such return or destruction shall not relieve said Parties or persons from the continuing obligations imposed on them by this Protective Order.  This procedure is not required

of a Receiving Party that is also an owner of the subject Protected Information, or is otherwise in rightful possession of the Protected Information.

      B.      At the conclusion of this Litigation, the Court shall retain jurisdiction to enforce this Protective Order.

## XI. Effect of Protective Order Prior to Entry by the Court

Confidential Information produced before this Protective Order is entered by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such Confidential Information was produced.

## XII. Limitations

Nothing in this Protective Order shall be construed to entitle the Parties to obtain any material, document, thing, or information from one another. Nothing in this Protective Order shall be construed to allow the Parties to avoid any discovery obligations under the Federal Rules of Civil Procedure consistent with this Protective Order. Additionally, this Protective Order shall not be deemed to waive any claim of attorney-client privilege, work product protection, or any other privilege or protection that may be asserted by any Party. Furthermore, the Parties have agreed to work with each other in good faith if any Party determines that additional protection of Confidential Information is required. In that regard, this Protective Order does not limit any Party's right to seek additional protection from this Court of Confidential Information. Moreover, nothing in this Protective Order may be used to prove or disprove any element of a Party's claim or defense, and the Parties agree not to use it for any merit-related purpose in any hearing or trial.

## XIII. Handling of Confidential Information at Trial

Prior to the trial of this matter, the Parties shall confer in good faith in an effort to reach agreement concerning a joint proposal to the Court with respect to the handling of Confidential

Information at trial, and shall make such proposal no later than the final pre-trial conference.  If the Parties are unable to reach agreement on this subject, each Party may make its own submission to the Court no later than the time of said final pre-trial conference.

**IT IS SO ORDERED**.

Dated this 13th day of  April, 2015.

<u>/s/ Terence P. Kemp</u>
  TERENCE P. KEMP
  United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DANIEL THOMAS, et al. : | |
| : | |
| Plaintiffs : | Civil Action No 2:14-cv-01236 |
| : | |
| vs : | JUDGE PETER C. ECONOMOUS |
| : | MAGISTRATE JUDGE KEMP |
| NATIONWIDE CHILDREN'S : | |
| HOSPITAL, et al., : | |
| : | |
| Defendants. : | |

# APPENDIX "A"

UNDERTAKING OF _____

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I hereby acknowledge that I have been given a copy of and have read the PROTECTIVE ORDER issued in the above-captioned action, that I am familiar with the terms thereof, and that I agree to comply with and to be bound by the terms thereof.

5. I hereby acknowledge that I may receive information designated as Confidential Information from the Parties in this Litigation or from third parties producing documents in this Litigation that are subject to various restrictions of use and disclosure, including the restriction that they are to be used solely in connection with this Litigation, and not for any business or other purpose whatsoever other than directly associated with my duties in this Litigation.

6.      I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing my compliance with the Protective Order.

Signature:_____

Date: _____