IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Daniel Thomas, et al.,            :

      Plaintiffs,               :

  v.                              :    Case No. 2:14-cv-1236

                       :    JUDGE ALGENON L. MARBLEY
Nationwide Children's Hospital,       Magistrate Judge Kemp
Inc., et al.,                     :

      Defendants.               :


OPINION AND ORDER

I.  Introduction

In their second amended complaint, the three sets of
Plaintiffs - Anna and Daniel Thomas, Chad and Lori Burley, and
Jessica Rose and Russell Moore, together with their children -
allege that the Defendants, including Nationwide Children's
Hospital and its employees, conspired to violate the rights of
parents and children who sought medical treatment at the
hospital.  More specifically, they claim that, in their
respective cases, after they sought treatment for their children,
hospital employees ordered additional medical tests not for the
purpose of diagnosis and treatment, but in order to gather
evidence for possible criminal prosecution for child abuse.  In
some instances, that involved bringing other children into the
hospital for testing.  All of the parents assert that they did
not give informed consent to these procedures, and that medical
information was provided to third parties, such as the Columbus
Division of Police or Franklin County Children's Services,
without their consent as well.  The complaint includes claims
sounding in assault, false imprisonment, violation of the
physician-patient privilege, negligent or reckless infliction of

emotional distress (asserted only by Anna Thomas), and violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

The issue which now brings the case before the Court arises from Plaintiffs' decision to seek damages for emotional distress. Such damages are requested with respect to multiple counts of the complaint.  Paragraph 111, part of the claim for false imprisonment, asserts that Plaintiffs suffered "emotional distress...."  The same language appears in Paragraph 115 (violation of the physician-patient privilege).  Paragraph 136, part of one of the constitutionally-based claims, asserts that Plaintiffs suffered "extreme emotional distress."  Paragraph 124, which is found in the count alleging Fourth and Fourteenth Amendment claims, alleges that (in somewhat confusing language) "Plaintiffs suffered pain, exposure to radiation, injury to cellular DNA, and increased potential for future development of cancer.  Anna [Thomas] suffered emotion (sic) distress, and continues to experience injuries;...."  Anna Thomas is the only Plaintiff who has also asserted a stand-alone claim for the infliction of emotional distress, doing so in count four of the complaint (Paragraphs 116-18).  She claims to have suffered "severe and debilitating mental and emotional anguish [and] physical pain and suffering" and also pleads that she was treated for such injuries by health care professionals and that such treatment will continue into the future.  (Paragraph 118).

Defendants have served discovery about the Plaintiffs' claims for emotional damage and distress.  Most Plaintiffs (Anna Thomas being the exception) have resisted providing such information.  Defendants moved to compel.  For the following reasons, the Court will grant Defendants' motion.

## II.  The Discovery Dispute

On September 16, 2015, Nationwide Children's Hospital and other Defendants filed a motion titled "Motion to Compel Executed

Authorizations for Release of Mental Health Records" (Doc. 63).
The motion seeks, in the alternative, "an order compelling all
Plaintiffs to produce records of their past and current treatment
and consultations for mental health issues, or to produce
executed authorizations for the release of these records." Id.
at 1. Defendants argue that because all Plaintiffs have alleged
claims for emotional injury, any records showing that they were
treated for any type of mental health issue are relevant and
discoverable. According to Defendants, when they raised this
issue with Plaintiffs' counsel (after being initially rebuffed in
their efforts to obtain this information), they were told that
(1) Anna Thomas would be dismissing her stand-alone claim for
emotional injury, and (2) none of the remaining Plaintiffs had to
provide such information because none of them had asserted stand-
alone claims for the infliction of emotional distress.
Defendants assert the law does not recognize the distinctions
Plaintiffs are attempting to make and that their treatment
records can be discovered.

Plaintiffs, in their commendably brief response, raise a
procedural issue, which they phrase this way:

> Not having served document requests for the records
> they seek on any of the plaintiffs, not having defined
> the term "mental health records" that it now uses in
> its motion, and not having produced a copy of any
> authorization form they would ask plaintiffs to sign,
> Nationwide cannot move to compel. Nationwide should
> serve a formal document request that 1) defines the
> records it seeks, 2) identifies the plaintiffs for whom
> it seeks them, and 3) states a time frame. Then,
> plaintiffs' counsel can consider the requests and
> formally assert any objections or, if appropriate,
> obtain and produce records.

Memorandum in Opposition, Doc. 65, at 4-5. In their reply, the
Children's Hospital Defendants assert that Plaintiffs are simply
incorrect when they say that no proper discovery request

-3-

concerning mental health treatment has been served.  They point out that, in interrogatories, they asked Plaintiffs to identify any mental health practitioner who provided care to any Plaintiff within the past ten years, and to provide the date and reason for the treatment (along with the provider's name and address). Documents attached to the sealed version of the reply memorandum (Doc. 70) show that Defendants also requested, under Fed.R.Civ.P. 34, all medical records relating to each minor Plaintiff, regardless of what condition that Plaintiff was treated for, and also for "[a]ll other documents reflecting, supporting, establishing, demonstrating, calculating, or confirming any and all damages alleged in this action." (Doc. 70, Ex. A).

If the sole issue before the Court is whether Defendants have properly asked for the documents in question, the Court would resolve that issue in Defendants' favor.  If there had been some ambiguity in the most general of these requests - the one asking for all damages-related documents - the subsequent meet-and-confer communications between counsel eliminated this ambiguity.  Consequently, there is no merit in the argument that the motion to compel seeks an order compelling discovery that was never requested.

Plaintiffs make only a passing reference to the substantive merits of the motion to compel.  They cite the Court to Langenfeld v. Armstrong World Indus., 299 F.R.D. 547 (S.D. Ohio 2014), a decision from Judge Frost which is also cited by Defendants, as standing for the proposition that a party does not necessarily place his or her emotional condition at issue, for purposes of determining if any waiver of privilege has occurred, just by alleging "garden-variety" emotional distress.  They do not directly argue that their claims fall into this category, however, because after they quote certain passages from Langenfeld - a case in which Judge Frost granted a motion to

-4-

compel the execution of medical releases - they reiterate their procedural argument and conclude that if they had been served with proper requests, they would consider what documents, if any, should be produced.

Given that Plaintiffs raise this argument in such a tangential manner, the Court is somewhat hesitant to address it here. The easiest disposition of the motion, and an undoubtedly correct one, is to hold that Plaintiffs' single well-developed argument in opposition to the motion - that the discovery requests served on them did not call for the production of the medical records in question - lacks merit, and that the motion should therefore be granted as presented. In order to assist the parties on a going-forward basis, however, and given the sensitivity of the issue, the Court will offer a few brief comments.

The undersigned recently visited this issue in <u>Mason v. Wal-Mart Corp.</u>, 2015 WL 5047996 (S.D. Ohio Aug. 27, 2015). There, Plaintiff alleged, in connection with a claim arising out an alleged unlawful search, seizure, and arrest, that he had suffered "extreme emotional distress and humiliation" - basically the same claim which Plaintiffs make in this case. Defendants moved to compel him to sign and execute a medical authorization. In response, he stipulated that he would seek damages only for "short-term negative emotions" associated with the defendants' actions, and not for any ongoing mental or emotional distress.

The Court included in its Opinion this language describing the state of the law in this area:

> In both <u>Langenfeld, supra</u>, and <u>Jones-McNamara v. Holzer Health Systems, Inc.</u>, 2015 WL 196415 (S.D. Ohio Jan. 15, 2015), Judge Frost explained that there is a distinction between a plaintiff who claims only "garden-variety" emotional distress from a violation of the plaintiff's legal rights, and a plaintiff who

asserts a more serious emotional condition. In both
cases, he allowed discovery of the plaintiff's medical
records because, as expressed in Jones-McNamara, a
plaintiff cannot both testify to a specific emotional
or psychiatric condition which was treated by a doctor
and then claim that he or she suffered only
"garden-variety" emotional distress. On the other hand,
as this Court stated in Kennedy v. Cingular Wireless,
LLC, 2007 WL 2407044, *3 (S.D. Ohio Aug. 20, 2007), if
a plaintiff agrees "to limit his testimony at trial on
this issue to the fact that he felt embarrassed or
humiliated by [the violation of his legal rights] and
he was willing to stipulate that such embarrassment or
humiliation did not continue for any significant period
of time beyond the date of termination or cause him any
type of emotional distress thereafter," treatment
records are likely to be irrelevant and a waiver would
not have occurred.

Mason, supra, at *2.  The Court held that because Mr. Mason had
made the type of binding representation which limited the scope
of his emotional distress claim, and because he was, in that
regard, the master of his claim, the discovery which was sought
would not be compelled.

The record in this case does not contain any such binding
stipulations.  Clearly, unless and until Ms. Thomas dismisses her
stand-alone claim for the negligent or reckless infliction of
emotional distress, she has waived any applicable privilege
related to treatment for mental health conditions.  Given the
language of the prayer for relief asserted by the other
Plaintiffs, it would appear that, unless and until any of them
makes the same type of binding representation present in Mason,
records about their mental health treatment are also
discoverable.  Such records include, of course, not only
documents showing that they were treated for emotional distress
arising from the events described in the complaint, but records
which might show that they had other ongoing mental health issues
which either contributed to any emotional suffering they

experienced, or which were aggravated by the emotional distress allegedly caused by the Defendants' actions.

There may well be information in the broad scope of records requested by Defendants which is irrelevant, or so marginally relevant that other considerations might justify its being withheld.  In order to account for this possibility, the Court typically does not require a party to execute a broad medical release in favor of the opposing party, but directs counsel (in this case, Plaintiffs' counsel) to obtain the records, make a judgment call about what portions are discoverable, and produce those together with information about what may have been withheld.  If the parties cannot resolve any differences on that issue, the Court typically suggests an attorneys'-eyes-only production, with the ultimate issue of relevance being submitted to the Court if necessary.  Hopefully, with this guidance, the parties will be able to move forward with discovery in this case.

III.  <u>Conclusion</u>

For the foregoing reasons, the motion to compel (Doc. 63) is granted.  Plaintiffs shall obtain and provide the requested records, subject to the standards set forth in this order, within thirty days, although any Plaintiff who enters into a <u>Mason</u>-type binding stipulation may do so in lieu of producing records.

IV.  <u>Motion to Reconsider</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the

-7-

motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge