IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Daniel Thomas, et al.,          :

      Plaintiffs,         :

   v.                     :      Case No. 2:14-cv-1236

                        :      JUDGE ALGENON L. MARBLEY
Nationwide Children's Hospital,  Magistrate Judge Kemp
Inc., et al.,           :

      Defendants.        :

ORDER

Plaintiffs have moved for leave to file under seal the transcript of Cheryl Hiatt's deposition and the accompanying exhibits in support of their motion to vacate the discovery and dispositive motion deadlines.  Plaintiffs cite the protective order entered in this case as the basis for their motion.

The Court of Appeals recently addressed the standards for filing documents under seal and in doing so made explicit the obligations of both the party requesting nondisclosure and the court considering such a motion.  In Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299 (6th Cir. 2016), the Court concluded that the existence of a protective order was an insufficient basis for filing under seal, advising that the standards for protective orders and sealing should not be "conflated."  In reaching this conclusion, the Court explained:

> By way of background, there is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other.  Discovery concerns the parties' exchange of information that might or might not be relevant to their case.  "Secrecy is fine at the discovery stage, before the material enters the judicial record."  Baxter Int'l, Inc. v. Abbott Labs.,

297 F.3d 544, 545 (7th Cir. 2002).  Thus, a district
court may enter a protective order limiting the use or
disclosure of discovery materials upon a mere showing
of "good cause[.]"  Fed.R.Civ.P. 26(c)(1)....

"At the adjudication stage, however, very
different considerations apply."  Joy v. North, 692
F.2d 880, 893 (2d Cir. 1982).  The line between these
two stages, discovery and adjudicative, is crossed when
the parties place material in the court record.
Baxter, 297 F.3d at 545.  Unlike information merely
exchanged between the parties, "[t]he public has a
strong interest in obtaining the information contained
in the court record."  Brown & Williamson Tobacco Corp.
v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983)....

Id. at 305.

Further citing to Brown & Williamson, 710 F.2d at 1179, the
Court of Appeals noted that "courts have long recognized ... a
presumption in favor of openness as to court records."  Id. at
305.  Accordingly, "[t]he burden of overcoming that presumption
is borne by the party that seeks to seal them."  Id., citing In
re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).  This burden
is "a heavy one" and "'[o]nly the most compelling reasons can
justify non-disclosure of judicial records.'"  Id., quoting In re
Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983).
That is, "[t]he parties' asserted bases for sealing" cannot be
"brief, perfunctory or patently inadequate."  Id., at 306.  The
mere reference to a designation of confidentiality is a
"protective-order justification[], not [a] sealing-order one[]."
Id.  Additionally, "the proponents of closure bear the burden of
showing that 'disclosure will work a clearly defined and serious
injury[.]'"  Id. at 307, quoting Cendant, 260 F.3d at 194.
Specificity in delineating the injury is essential.  Id.
Typically, only trade secrets, information covered by a
recognized privilege and information required by statute to be
maintained in confidence is enough to overcome the presumption of

access.  Id.

Moreover, even if a party demonstrates a compelling reason for filing under seal, "the seal itself must be narrowly tailored to serve that reason."  Id., at 3, citing Press-Enter. Co. v. Superior Court of California, Riverside Cnty., 464 U.S. 501, 509-11 (1984).  As a result, "the proponent of sealing" is required to "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"  Id., quoting Baxter, 297 F.3d at 548.

With respect to a district court's obligation, the Court of Appeals explains that, a court choosing to seal court records "must set forth specific findings and conclusions 'which justify nondisclosure to the public.'"  Id. at 305, quoting Brown & Williamson, 710 F.2d at 1176.  This obligation is independent of whether there is any objection to the motion to seal.  Id.  In fact, "a court's failure to set forth those reasons – as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary – is itself grounds to vacate an order to seal."  Id., citing Brown & Williamson.  Further, while the Court of Appeals reviews such an order for an abuse of discretion, "'[i]n light of the important rights involved, the district court's decision is not accorded' the deference that standard normally brings."  Id., quoting Knoxville News-Sentinel, 723 F.2d at 476.

The Court of Appeals reiterated these concepts more recently in Beauchamp v. Federal Home Loan Mortgage Corporation, – Fed.Appx. –, 2016 WL 3671629 (6th Cir. July 11, 2016) and Rudd Equipment Company, Inc. v.  John Deere Construction & Forestry Company, –F.3d –, 2016 WL 4410575 (6th Cir. July 27, 2016).  In Beauchamp, the Court found no justification for filing under seal where the parties relied only on the language of a proposed

protective order without a motion for leave to seal or an order
of the Court.  In <u>Rudd</u>, the Court, in affirming an order
unsealing the case, found that the plaintiff had not pointed "to
any trade secret, or privacy right of third parties, that a seal
might legitimately protect."

In this case, Plaintiffs cite only to the confidentiality
provision of the protective order in support of their motion to
seal.  As explained above, this is insufficient to meet their
burden.  Plaintiffs have not provided any detailed analysis of
the documents accompanied by an explanation as to why public
filing would be injurious to the party claiming confidentiality.
Nor have they explained how their request is narrowly tailored to
address this reason.  Absent such information, the Court is
without any record from which to conclude that the requirements
for sealing have been met here.  Granting Plaintiffs' motion as
filed would require the Court simply to accept the parties'
designations of confidentiality at face value.  The Court of
Appeals clearly has instructed otherwise.  For these reasons, the
motion for leave to file under seal (Doc. 112) is denied.

MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is
filed, file and serve on the opposing party a motion for
reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),
Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01,
pt. IV(C)(3)(a).  The motion must specifically designate the
order or part in question and the basis for any objection.
Responses to objections are due fourteen days after objections
are filed and replies by the objecting party are due seven days
thereafter.  The District Judge, upon consideration of the
motion, shall set aside any part of this Order found to be
clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for

reconsideration has been filed unless it is stayed by either the
Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


                              /s/ Terence P. Kemp
                              United States Magistrate Judge