UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL THOMAS, *et al.*,

        Plaintiffs,

v.

NATIONWIDE CHILDREN'S HOSPITAL,
INC., *et al.*,

        Defendants.

Case No. 2:14-cv-1236
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on defendants Nationwide Children's Hospital, Inc., the Center for Family Safety and Healing, the Center for Child and Family Advocacy, Dr. Farah Wadia Brink, Dr. Jonathan Thackeray, and Dr. Corey J. Rood's ("Defendants") Motion for Reconsideration of Magistrate Judge's Opinion and Order (Doc. 134) by a District Judge. On January 27, 2017, this Court ordered expedited briefing on the motion. (ECF No. 152.) Defendants filed their Motion for Reconsideration on January 31, 2017 (ECF No. 160), and Plaintiffs filed their Response in Opposition to the Motion for Reconsideration on February 6, 2017 (ECF No. 164.) Specifically, Defendants move the Court to reconsider the Magistrate Judge's decision granting Plaintiffs' motion to compel (ECF No. 120), denying Defendants' motion to strike (ECF No. 121), and granting in part Plaintiffs' motion to vacate case deadlines (ECF No. 111.) For the reasons that follow, the Court adopts the Magistrate Judge's Opinion and Order (Order, ECF No. 134) and the Defendants' Motion for Reconsideration (ECF No. 160) is **OVERRULED**.

### I. Background

This decision involves a discovery dispute over production of records that Defendants

claim are subject to the hospital's state law "peer review privilege." Plaintiffs' amended complaint alleges nine claims, five of which are federal causes of action, four of which are state causes of action. (ECF No. 17.)

## II. Standard of Review

A decision by a magistrate judge on a non-dispositive motion will be reversed by the district court on reconsideration if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Considerable deference is given to the determinations of magistrate judges; however, with respect to legal conclusions, this Court must exercise independent judgment. *Little Hocking Water Assn. v. E.I. DuPont de Nemours and Co.*, No 2:09-cv-1081, 2015 U.S. Dist. Lexis 29918, at *23-24 (S.D. Ohio Mar. 11, 2015) (citing, *Siegler v. City of Columbus*, No. 2:12-cv-00472, 2014 U.S. Dist. Lexis 35985, *1-2 (S.D. Ohio Mar. 19, 2014)).

## III. Analysis

The Court concurs with the Magistrate Judge's finding that "the fundamental disagreement between Plaintiffs and the Hospital is over whether this particular privilege applies to claims brought under federal law." (Order, ECF No. 134, at p. 9.) The privilege at issue is codified at O.R.C. § 2305.252, and reads in pertinent part:

> Proceedings and records within the scope of a peer review committee of a health care entity shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care entity or health care provider, including both individuals who provide health care and entities that provide health care, arising out of matters that are the subject of evaluation and review by the peer review committee. No individual who attends a meeting of a peer review committee, serves as a member of a peer review committee, works for or on behalf of a peer review committee, or provides information to a peer review committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of the peer review committee or as to any finding, recommendation, evaluation, opinion, or other action of the committee or a member thereof.

O.R.C. § 2305.252(A).

2

The term "peer review committee" is defined in O.R.C. §2305.25(E)(1) as a utilization review committee, quality assessment committee, performance improvement committee, tissue committee, credentialing committee, or other committee that does either of the following:

> (a) Conducts professional credentialing or quality review activities involving the competence of, professional conduct of, or quality of care provided by health care providers, including both individuals who provide health care and entities that provide health care;
>
> (b) Conducts any other attendant hearing process initiated as a result of a peer review committee's recommendations or actions.

The Magistrate Judge explained that

> ... such a committee, in order to qualify, must conduct proceedings which involve one of three things: (1) the competence of a health care provider; (2) the professional conduct of such a provider; or (3) the quality of care given by a provider. As the Ohio courts have said, "[t]he purpose of the statute is to protect the integrity of the peer-review process in order to improve the quality of health care." *See Smith v. Cleveland Clinic*, 197 Ohio App.3d 524, 529 (Cuyahoga Co. App. 2011). That case also notes that this privilege, being in derogation of the common law, "must be strictly construed against the party seeking to assert it and may be applied only to those circumstances specifically named in the statute." *Id.* at 528. The Court also notes that a reasonable construction of the statute is that it applies only to activities that are actually peer review proceedings (which, in the words of the statute's consist either of credentialing or "quality review activities"), and not to every activity that a hospital might label as "peer review."

(Order, ECF No. 134, at p. 12-13.) As the Magistrate Judge stated, "[t]his Court has already decided the [peer review] privilege does not exist in federal law, and that there are no compelling reasons to apply it when information otherwise protected by the privilege is needed in order to support a valid claim asserted under federal law. *See, e.g., Guinn v. Mount Carmel Health Systems*, 2010 WL 2927254 (S.D. Ohio July 23, 2010) (Kemp., M.J.), citing, *inter alia, Nilavar v. Mercy Health System-Western Ohio*, 210 F.R.D. 597 (S.D. Ohio 2002)." (*Id.*, at p. 15.)

Additionally, this Court concurs that a review of the amended complaint shows that there is no state law medical malpractice claim asserted against either the Hospital or any individual

3

health care provider. As the Magistrate Judge stated, "[f]urther, the constitutional claims are not predicated on any inadequacy in the treatment provided, but rather on the performance of procedures which were ordered not based on the medical conditions of the children involved, but rather carried out under an agreement that the Hospital would collect information which might be used by law enforcement agencies without protecting the patients' constitutional rights." (Order, ECF No. 134, at p. 15.)

> Simply put, this is neither a malpractice case nor a case where the constitutional deprivations are predicated upon malpractice – as, for example, would be true of a prison inmate's claim for the denial of adequate medical treatment under the Eighth Amendment. Consequently, the Court need not decide if the peer review privilege should be recognized in a case where the federal claims are based on malpractice, because this is not such a case.

(*Id.*, at pp. 15-16.) The Court concurs with the Magistrate Judge's observation that, "entirely apart from the fact that federal courts generally do not recognize this privilege, the Court believes that not applying it to this particular situation will not undermine the Hospital's ability to provide quality care to its patients." (*Id.* at p. 16.)

## IV. Conclusion

Accordingly, the Court **OVERRULES** Defendants' Motion to Reconsider the Magistrate Judge's Opinion and Order (ECF No. 160), and **AFFIRMS** the Magistrate Judge's Order (ECF No. 134): the Motion to Compel (ECF No. 120) is **GRANTED**, and the Motion to Strike (ECF No. 121) is **DENIED**. The Motion to Vacate Deadlines (ECF No. 111) is **GRANTED** as follows: notwithstanding the existing discovery cutoff date, Plaintiffs may conduct additional discovery to include a resumed deposition of Ms. Hiatt and a deposition of Mr. Chambers. The Hospital shall, within 14 days of the entry of this Order, produce any documents previously withheld on grounds of peer review privilege as they relate to either Ms. Hiatt's or Mr. Chambers' investigation of any inquiries, complaints, or grievances submitted by the Plaintiffs.

4

All discovery about this matter shall be completed within 30 days of the date of this Order. All costs (excepting attorneys' fees) associated with the reconvening of Ms. Hiatt's deposition shall be borne by the Hospital. The Court does not otherwise make any fee award in connection with the motion to compel. Plaintiffs' Motion to Suspend Deadline to Respond to Defendants' Motions for Summary Judgment Under Fed. R. Civ. P. 56(d) (ECF No. 166) is **GRANTED**. Plaintiffs will file their Response to Defendants' Motions for Summary Judgment not later than **March 27, 2017.**

**IT IS SO ORDERED.**

2-10-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**